UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ANTOINETTE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.: 13-10-GFVT |
| | ) | |
| HOLIDAY INNS INCORPORATED d/b/a | ) | |
| INTERCONTINENTAL HOTELS GROUP | ) | |
| | ) | **MEMORANDUM** |
| and | ) | **OPINION & ORDER** |
| | ) | |
| JAYDEV NILMANI DHOLAKIA, | ) | |
| INDIVIDUALLY AND IN HIS CAPACITY | ) | |
| AS GENERAL MANAGER d/b/a DHOL | ) | |
| ENTERPRISES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ms. Antoinette Taylor claims that Holiday Hospitality Franchising, LLC[1] and Jaydev Dholakia, have discriminated against her based upon her race (African-American) and sex (female) by denying her "equal enjoyment of the Holiday Inn hotel." [R. 1 at 2.] Furthermore, she alleges the behavior of Hospitality and Dholakia support the following causes of action: intentional race discrimination, negligent infliction of emotional distress, breach of fiduciary duty, duty of loyalty and duty of care, *res ipsa loquitor* and *respondeat superior*, negligent hiring, retention and training, negligent supervision, retaliation, conspiracy and a breach of implied covenant of good faith and fair dealing. [R. 7.]

Defendant Dholakia has filed a Motion to Dismiss or, in the alternative, for a More

---

[1] Defendant Holiday Hospitality Franchising, LLC, points out in their motion [R. 12] that they are incorrectly identified by the Plaintiff, and in the Court record, as Holiday Inns Incorporated d/b/a Intercontinental Hotels Group." This will be corrected by this Order.

Definite Statement. [R. 9 & 12.] Hospitality has also filed a Motion for a More Definite Statement. Having now reviewed Taylor's Complaints and the motions, the Court shall **GRANT** the motions for a more Definite Statement and **DISMISS WITHOUT PREJUDICE** Dholakia's motion to dismiss.

# I

Taylor claims to have entered into a verbal agreement on June 22, 2012 with Hospitality, of Shelbyville, Kentucky, that allowed her to rent space for Sunday worship services. [R. 1 at 4.] According to Taylor, the oral agreement provided that, beginning on December 9, 2012, Taylor could use the space for four hours every Sunday in exchange for $50.00 rent a week. [R. 1 at 4.] The space was to be "clean, ready, and set up with the maximum number of chairs" by 9:00 AM so that Taylor could set up equipment in preparation for her 10:45 AM worship service. [R. 1 at 5.] Taylor claims that Hospitality fraudulently billed $52.00 to her debit card on December 11 and then, on December 16, denied her rental of the Derby Room. [R. 1 at 4.] Taylor further claims Hospitality breached the agreement by refusing to store her church equipment, including her piano, drums, and speakers between the weekly worship services. [R. 1 at 6] Taylor claims that she has contacted Hospitality and Dholakia "to resolve the said matter outside of court interventions" but that they have refused to respond to her. [R. 1 at 4.]

On March 6, 2013, Taylor, proceeding *pro se*, filed a complaint in this Court alleging Defendants discriminated against her when they denied her "equal enjoyment of the Holiday Inn hotel solely because of her race and color." [R. 1 at 2.] The ten-page Complaint goes on to provide a more detailed account of the facts and alleges causes of action for breach of contract and for racial discrimination. [R. 1.] On May 20, Taylor filed a First Amended Complaint that is thirty-two pages long and alleges an additional nine causes of action. These causes of action

include intentional race discrimination, negligent infliction of emotional distress, breach of fiduciary duty, duty of loyalty and duty of care, res ipsa loquitor and respondeat superior, negligent hiring, retention and training, negligent supervision, retaliation, conspiracy and a breach of implied covenant of good faith and fair dealing. [R. 7.]

Taylor explains in her First Amended Complaint that she intends for the Court to remove references from the original complaint to "the Kentucky Civil Rights Act of Kentucky Revised Statues Chapter 344 et seq., Kentucky Civil Rights Act of 1966, Title 42 of the United States Code ("US.C.") § 2000 et seq., and Title VII of the Civil Rights Act of 1964, as amended." [R. 7 at 1-2.] She then explains, in paragraph three, that the Amended Ccomplaint will add violations for:

> Title 42 US.C. § 1981(a)(b)(c), Title 42 US.C. § 1981(a )(b)( 1), which provides that "all persons" shall have the same right as "White persons" to "make and enforce contracts", (See Kolstad v. American Dental Ass'n, 527 U.S. 526, 144 L. Ed.2d 494, 119 S.Ct. 2118 (1999), and Stallworth v. Shuler, 777 F.2d 1431 (11th Cir. 1985)), Federal Tort Claims Act ("FTCA") of 1946, and other applicable federal laws (See Kawananakoa v. Polybank, 205 US. 349,27 S.Ct. 526,51 L.Ed. 834 (1907)), Title 42 U.S.C. § 1981(a)(3), the Civil Rights Act of 1866 (See United States v. City of Chicago, 853 F.2d 572,575 (7th Cir. 1988)) the Civil Rights Restoration Act of 1988, Title 18 U.S.C. § 242, Third, Fourth, and Ninth Amendments (See Griswold v. Connecticut, 381 US. 479 (1965), West Coast Hotel v. Parrish (1937), Eisenstadt v. Parrish (1937), Roe v. Wade (1973)) Title 42 U.S.C. §§ 12203, 12117, 12133, and 12188, the Restatement of Agency ("ROA") § 219, ROA (Second) § 219(1) (1957), ROA (Third) Liability of Principle of Third Persons § 219 (2000), the Restatement of Torts See Parker et al. v. Dominos Pizza et al., No. 92-2056 and 92-2630 (Fl. App. Ct. 1993), Crinkly v. Holiday Inns, et aI., No. 87-1547 (4th Cir. 1988), Greil v. Travelodge Int'L, Inc., and LaSalle Ohio Enter., Inc., 541 N.E. 2d 1288 (Ill. App. Ct. 1989), and Martin v. McDonald's Corp., 572 N.E. 2d 1073 (III. App. 1st Dist. 1991)) the Federal Trade Commission ("FTC" or "the Commission") § 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 US.C. § 56(a)(1), §§ 5(a)(I), 5(m)(1)(A), 13(b), 16(a) and 19 of the FTC Act, 15 US.C. §§ 45(a)(1), 45(m)(l)(A), 53(b), 56(a), and 57(b), to secure civil penalties, permanent injunctive relief, consumer redress, and other equitable relief for the defendants' deceptive acts and discriminatory practices in violation of § 5 of the FTC Act, 15 U.S.C. § 45(a), the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" ("the Franchise Rule") 2007(a) pp. 15544-15575 (See FTC v. Minuteman Press, supra, a franchisor's conduct was a concurrent violation of both the Franchise Rule and § 5( a) of

3

>the FTC Act, which prohibits "unfair or deceptive acts or practices in or affecting interstate commerce", See Am Equip. Co. v. Mitsubishi Caterpillar Forklift Am., Inc., in Canada Dry Corp. v. Nehi Beverage Co., Inc., the Seventh Circuit held that under the Indiana franchise act, a franchisee could defend against termination if the franchisor had discriminated engaged in "arbitrary disparate treatment among similarly situated individuals or entities" (i.e., other franchisees), in General Aviation, Inc. v. Cessna Aircraft Co., the Sixth Circuit held that the anti-discrimination provisions of the Michigan franchise act required a franchisor to offer, renewal to its franchisees on the same terms that were offered to similarly situated franchisees), § 4 of the FTC Act, 15 U.S.C. § 44, § 18(d)(3) of the FTC Act, 15 *U.S.C.* § 57(a)(d)(3), 16 C.F.R. § 436.1, violations of the Franchise Rule, which constitute unfair and deceptive acts or practices, in or affecting commerce, in violation of § 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Defendant is a franchise, as "franchise" is defined in § 436.2(a) of the Franchise Rule, 16 C.F.R. § 436.2(a).

[R. 7 at 2-3.] The Complaint goes on for an additional thirty pages and one-hundred paragraphs explaining and adding to these allegations. With the exception of the explicit amendment described above, it is apparent from the way that Taylor numbers her causes of action that the First Amended Complaint is intended to supplement her original Complaint.

Dholakia filed a Motion to Dismiss for failure to state a claim or, in the alternative, for a More Definite Statement on June 10, 2013. [R. 9.] After attempting to substantively address Plaintiff's claims, Dholakia explains that he "cannot discern what actions Plaintiff alleges it committed, what duties Plaintiff alleges it breached, and finally, what Code provisions, or regulations Plaintiff claims were violated." [Id. at 10.] He goes on to say that "Plaintiff's Complaint is more or less 33 pages of ramblings that include unrelated case law, statute provisions, and indistinguishable allegations. It is so vague and ambiguous that Defendant cannot reasonably prepare a response." [Id.] On June 12, Hospitality filed a similar motion, requesting Taylor be Ordered to file a More Definite Statement because the "[a]mended Complaint is so vague and ambiguous that defendant cannot reasonably prepare a response." [R. 12.] Both motions have been fully briefed. [R. 14, 15, 16, 18, 19, 20.] The Court now turns to addressing these motions.

4

II

A

Well-pleaded complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 12 (e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12. Despite having this tool at hand, "[c]ourts do not favor motions for more definite statements." *United States v. Paul*, 2008 WL 2074024 (E.D. Ky. May 13, 2008) (citing *Innovative Digital Equip., Inc. v. Quantum Tech., Inc.,* 597 F.Supp. 983, 989 (N.D.Ohio 1984)). ' "[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail.... [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." ' *Paul*, 2008 WL 2074024 (quoting *Schwable v. Coates,* 2005 WL 2002360, at *1 (N.D.Ohio August 18, 2005); quoting *Scarbrough v. R–Way Furniture Co.,* 105 F.R.D. 90, 91 (E.D.Wis. 1985)).

B

In the case at hand, Taylor is proceeding *pro se*. Courts liberally construe the pleadings of *pro se* claimants and hold their complaints to a less stringent standard than similar pleadings

5

drafted by attorneys. *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).  As the Court has now warned Taylor on multiple occasions, "this lower standard does not, however, mean that a *pro se* plaintiff is entitled to bring every case to trial." *Taylor v. JPMorgan Chase Bank, N.A.,* 2014 WL 66513 (E.D. Ky. Jan. 8, 2014); *Taylor v. Peach Properties-Osprey Cove, LLC*, 2010 WL 4320395 (E.D. Ky. Oct. 22, 2010).  All Plaintiffs, including those that are *pro se,* must allege sufficient facts to state a plausible claim in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Garrett v. Belmon Co. Sheriff's Dept.,* No. 08–3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010); *Nat'l Bus. Devel. Serv., Inc. v. American Credit Educ. and Consulting, Inc.,* 299 F. App'x 509, 511 (6th Cir. October 31, 2008); *Zibbell v. Michigan Dept. of Human Servs.,* 313 F. App'x 843, 846 (6th Cir. February 23, 2009).

At the same time, however, ' "[t]he pleading of additional evidence, beyond what is required to enable the defendant to respond, is not only unnecessary, but in contravention of proper pleading procedure." '  *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 595 (S.D.N.Y. 2013) (quoting *Roth v. Jennings,* 489 F.3d 499, 512 (2d Cir. 2007).  *Federal Practice and Procedure*, teaches that "[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage." 5 Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1281 (3d ed.) (citations omitted).  The treatise cites a District Judge in Michigan who once said that "the law does not require nor does justice demand that a judge must grope through two thousand pages of irrational prolix and redundant pleadings, containing matters foreign to the issue involved…to determine the grounds for the petitioner's complaint."  *Id*. (quoting *Passic v. Michigan*, D.C. Mich.1951, 98 F.Supp. 1015, 1016–1017).  While Ms.

Taylor's complaint is not the two thousand pages referred in *Passic* or the three hundred pages and one thousand numbered paragraphs that was dismissed in *Grimes*, 33 F. Supp. 2d at 584, it is nonetheless, violative of the principles underlying Rule 8.

The primary purpose of Rule 8 is to provide notice to the parties defending the action of the allegations being made so that they may respond. Without determining whether the facts presented are sufficient to overcome a motion to dismiss, Taylor has provided enough facts to place Defendants on notice of what behavior she deems inappropriate. Taylor has not, however, clearly and succinctly presented the law. Her First Amended complaint is conclusory, redundant and cites many irrelevant and inapplicable laws. Where the laws are relevant, Taylor fails to demonstrate how the facts in her case violate those laws. As a result of these deficiencies, much of the Amended Complaint is incomprehensible.

### C

Taylor should be aware that dismissal is not the worst possible outcome for a litigant who fails to properly prosecute a case in Federal Court. As Taylor has been previously advised by this Court:

> Federal substantive and procedural laws contain provisions that can cause plaintiffs alleging baseless claims to be sanctioned by the court or responsible for paying the attorney's fees of the adversary that was wrongfully hauled into court. It has been long recognized that Federal Rule of Civil Procedure 11 applies to *pro se* plaintiffs, and permits sanctions by the Court when the asserted action is frivolous or without evidentiary support. *Graham v. Liberty Mut. Ins. Co.,* 1:08–CV–299, 2009 WL 1034942 at *4 (E.D.Tenn. Apr. 17, 2009) (citing *Bus. Guides, Inc. v. Chromatic Communs. Enters.,* 498 U.S. 533, 564 (1991)). Under 42 U.S.C. § 1988, a prevailing defendant may recover attorney's fees when the Court finds that the "plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice,* 131 S.Ct. 2205, 2213, 180 L.Ed.2d 45 (2011). The purpose of that provision is to "protect defendants from burdensome litigation having no factual basis." *Id.* (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 420 (1978)). Additionally, under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court ... who so multiplies the proceedings in any case unreasonably and vexatiously may be

required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

*Taylor v. JPMorgan Chase Bank, N.A.*, CIV. 13-24-GFVT, 2014 WL 66513 (E.D. Ky. Jan. 8, 2014).

Taylor should also be aware that the Sixth Circuit has affirmed multiple District Court Orders imposing non-monetary sanctions for persistent and frivolous filings. See *Sawchyn v. Parma Mun. Court*, 114 F.3d 1188 (6th Cir. 1997) (Court affirmed Judge's Order prohibiting Plaintiff from filing further *pro se* actions unless certified as non-frivolous by an attorney); *Ortman v. Thomas*, 99 F.3d 807 (6th Cir. 1996) (Court modified trial court's injunctive portion of judgment so Plaintiff is "permanently enjoined from filing any civil lawsuit alleging or asserting factual or legal claims based upon or arising out of the legal or factual claims alleged in this action or any of the actions underlying it without first obtaining certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose."); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (citations omitted) (Affirmed order requiring leave of court before plaintiffs file further complaints. Sixth Circuit stated "[t]his requirement is the proper method for handling the complaints of prolific litigators, and the procedure does not violate the first amendment.")[2]

The Court does not want to discourage Ms. Taylor from filing meritorious Complaints but she should be aware of the potential repercussions if filings are determined to be frivolous or unreasonably vexatious.

---

[2] It is unclear whether the Order in this matter required the parties to seek leave of court before filing all future complaints or was limited to seeking leave before filing future complaints arising from the 1972 automobile accident that was the subject of that case.

### III

In light of Taylor's *pro se* status and the deference that Courts give to such litigants, the Court will provide Taylor an opportunity to provide a more definite statement. This is Taylor's final opportunity to present the facts, and the laws upon which she seeks relief, in a concise and intelligible manner as is consistent with the Federal Rules of Civil Procedure and the guidance provided in this Order.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that:

1. Defendant Jaydev Nilmani Dholakia's Motion to Dismiss [R. 9] is **DENIED WITHOUT PREJUDICE**;

2. Defendant Holiday Hospitality Franchising, LLC's Motion for a More Definite Statement [R. 12] is **GRANTED**;

3. Plaintiff Antoinette Taylor is **ORDERED** to file a more definite statement within 14 days of this Order, as is required by Federal Rule of Civil Procedure 12(e), and;

4. The Clerk of Court is ordered to substitute "Holiday Inns Incorporated d/b/a Intercontinental Hotel Group" for "Holiday Hospitality Franchising, LLC" as the proper name for the Defendant in the Court record.

This the 6th day of February, 2014.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge